IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM JAMES FORD,<br>Plaintiff,<br><br>v.<br><br>FRANK STRADA, ET AL.,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:24-cv-01134-SHM-tmp |

**ORDER DISMISSING AMENDED COMPLAINT WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART AND GRANTING LEAVE TO AMEND**

On June 24, 2024, Plaintiff William James Ford, Tennessee Department of Correction ("TDOC") prisoner number 319577, an inmate at the Northwest Correctional Complex (the "NWCX") in Tiptonville, Tennessee, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1-2.) The Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee in accordance with the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. §§ 1915, *et seq*. (ECF No. 6.) Ford filed an amended complaint on August 28, 2024. (ECF No. 4.)

For the reasons explained below, Ford's amended complaint is **DISMISSED WITH PREJUDICE** in part and **WITHOUT PREJUDICE** in part. Leave to amend the claims dismissed without prejudice is **GRANTED**.

Ford alleges that on March 28, 2024, he "filed an emergency sick-call." (*Id*. at PageID 17.) Ford alleges that he was suffering from unspecified "side effects [from] a dose of the medication Halidol." (*Id*.) Ford alleges that the medical staff at the NWCX accused Ford "of being under the

influence of non-prescription narcotics" and "administered two separate urinalysis field test[s]." (*Id.*) Ford alleges that the results of both tests "were negative for drugs." (*Id.*)

Ford alleges that "instead of conducting a meaningful medical examination to . . . discover the cause of [Ford's] condition," Dr. David Kelner "administered another dose of Halidol." (*Id.*) Ford alleges that the second dose of Halidol caused "an onset of psychotic symptoms." (*Id.*)

Ford alleges that he was "placed in a suicide tank" and "given no further treatment." (*Id.* at PageID 18.) Ford alleges that he was "placed in the suicide tank" to "cover up the mistake made by medical practitioners" in administering the second dose of Halidol. (*Id.*)

Ford alleges that Dr. Kelner and Nurse Lisa Gardner "were the but for proximate cause" of Ford's injuries and that "they have engaged in medical malpractice, deliberate indifference, [and] gross negligence." (*Id.*) Ford alleges that Dr. Kelner and Nurse Gardner "have engaged in a civil conspiracy to deny [Ford] medical treatment and cover up medical errors in [Ford's] treatment." (*Id.*)

Ford alleges that Brandon Watwood, the NWCX Warden, "has refused to investigate claims of mistreatment by inmates within the institution and has engaged in a civil conspiracy to cover up acts of violence and medical malpractice." (*Id.*)

Ford alleges that Frank Strada, the TDOC Commissioner, has "engag[ed] in a civil conspiracy" with Warden Watwood. (*Id.* at PageID 19.) Ford alleges that Commissioner Strada "has long been aware [that Warden] Watwood has . . . a custom of refusing to investigate allegations of mistreatment, abuse, and criminal activity" at the NWCX. (*Id.*)

Ford sues Defendants: (1) Commissioner Strada, (2) Warden Watwood, (3) Nurse Gardner, (4) Dr. Kelner, (5) John Doe Doctor, and (6) Jane Doe Doctor. (*Id.* at PageID 15-16.) Defendants

(1)-(4) are referred to collectively as the "Individual Defendants." Ford sues the Individual Defendants in their individual and official capacities. (*Id*. at PageID 16-17.)

The Court liberally construes Ford's amended complaint to allege claims of deliberate indifference to his serious medical needs in violation of the Eighth Amendment, medical malpractice, and civil conspiracy.

Ford seeks $250,000 in monetary damages "jointly and severally against the Defendant(s)" and "any such additional relief that the interest of justice may require." (*Id*. at PageID 20.)

## I. <u>SCREENING THE COMPLAINT</u>

### A. <u>Legal Standard</u>

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Applying those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. A complaint must

contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2)). It also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 555 n.3 (quoting Fed. R. Civ. P. 8(a)(2)).

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

### B. Requirements to State a Claim Under § 1983

Ford sues under 42 U.S.C. § 1983. (ECF No. 4 at PageID 14.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

## II. ANALYSIS

### A. "John Doe" Defendants

Ford sues John Doe Doctor and Jane Doe Doctor. (ECF No. 4 at PageID 16.) Ford fails to allege a cognizable claim against those Defendants. Federal Rule of Civil Procedure 10(a) requires a plaintiff to "name all the parties" in a complaint. Service of process cannot be made on an unidentified party, and the filing of a complaint against an unknown defendant does not toll the

running of the statute of limitation. *See Wiggins v. Kimberly-Clark Corp.*, 641 F. App'x 545, 548-49 (6th Cir. 2016) ("The Sixth Circuit treats naming a specific individual in place of a John Doe as joinder of a new party." (citing *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996))). Before Ford can proceed with his claims against John Doe Doctor and Jane Doe Doctor, Ford must first identify those individuals by their names and re-allege his claims against them.[1]

Ford's claims against John Doe Doctor and Jane Doe Doctor fail to state a claim to relief, and those claims are **DISMISSED WITHOUT PREJUDICE**.

**B. Medical Malpractice Claim**

Ford alleges that Dr. Kelner and Nurse Gardner "have engaged in medical malpractice." (ECF No. 4 at PageID 18.)

"Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 104, 106 (1976). To the extent that Ford alleges a claim of medical malpractice against Dr. Kelner and Nurse Gardner, that claim is not cognizable under § 1983. *See Conway v. Loiseau*, No. 19-2677, 2019 WL 6330644, at *1 (W.D. Tenn. Nov. 26, 2019) (noting that plaintiff's "actual allegations involve medical malpractice," which is governed by state, not federal, law)

To the extent that Ford seeks to assert a claim of medical malpractice under Tennessee law, the Court declines to exercise supplemental jurisdiction over that claim. District courts have discretion under 28 U.S.C. § 1367(a) in deciding whether to exercise supplemental jurisdiction over related state law claims. *Gamel v. Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010). Because

[1] The Sixth Circuit has explained that "[s]ubstituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties." *Cox*, 75 F.3d at 240. Ford must meet the requirements of Federal Rule of Civil Procedure 15(c) "in order for the amendment adding the named defendant to relate back to the filing of the original complaint." *Id.*

the Court is dismissing Ford's federal claims and pursuing a state claim would not be in the interest of justice or comity, the Court **DECLINES** to exercise supplemental jurisdiction over any state law claim for medical malpractice. Ford's medical malpractice claim is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3).

### C. Official Capacity Claims Against Individual Defendants

Ford sues the Individual Defendants in their official and individual capacities. (ECF No. 4 at PageID 16-17.) Ford's official capacity claims against the Individual Defendants are treated as claims against the Individual Defendants' employer at the time the complaint was filed, the NWCX. *See Jones v. Union Cnty*., 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)); *see also Beverly v. Gibson Cnty*., No. 17-1160, 2018 WL 3848425, at *3 (W.D. Tenn. Aug. 13, 2018) (stating that claims against "[j]ail employees . . . in their official capacities [are] construed as claims against their employer"). Ford's claims against the NWCX are construed as claims against the TDOC. *See Pugliese v. Parker*, No. 18-1189, 2019 WL 2476753, at *2 (W.D. Tenn. June 12, 2019). "Claims against the TDOC are, in turn, treated as claims against the State of Tennessee." *Id.* (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

Ford does not state a valid claim against the State of Tennessee because § 1983 does not authorize suits against state entities. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71; *see Lapides v. Bd. of Regents of the Univ. Sys. of Ga*., 535 U.S. 613, 617 (2002) (acknowledging the holding in *Will* "that a State is not a 'person' against whom a § 1983 claim for money damages might be asserted").

Ford's § 1983 claims against the State of Tennessee, the TDOC, the NWCX, and the Individual Defendants in their official capacities are **DISMISSED WITH PREJUDICE** for failure to allege facts stating a claim to relief.

**D. Individual Capacity Claims Against Individual Defendants**

*1. Denial of Adequate Medical Care*

Ford alleges that Dr. Kelner administered a second dose of Halidol to Ford, which caused "an onset of psychotic symptoms." (ECF No. 4 at PageID 17.) Ford alleges that he was "placed in a suicide tank" and "given no further treatment." (*Id.* at PageID 18.) Ford alleges that Dr. Kelner and Nurse Gardner "have engaged in . . . deliberate indifference." (*Id.*)

With the benefit of liberal construction, Ford's allegations amount to a claim of deliberate indifference to his serious medical needs, which invokes the Eighth Amendment's prohibition of cruel and unusual punishments. *See Estelle*, 429 U.S. at 106. An Eighth Amendment claim of deliberate indifference consists of both objective and subjective components. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005) (recognizing that in *Farmer*, the Supreme Court "adopted a mixed objective and subjective standard for ascertaining the existence of deliberate indifference in the context of the Eighth Amendment").

The objective component requires that a prisoner have a "sufficiently serious" medical need. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Farmer*, 511 U.S. at 834). "[A] medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would readily recognize the necessity for a doctor's attention." *Id.* at 897 (internal quotation marks and citation omitted).

The subjective component requires that jail officials acted with the requisite intent—*i.e.*, had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834 (internal quotation marks and citation omitted). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Id*. at 835. The prison official must subjectively know of an excessive risk of harm to an inmate's health or safety and disregard that risk. *Id*. at 837.

Ford alleges that he experienced unspecified "psychotic symptoms" and was "given no further treatment," but Ford does not describe the nature of his need for medical care in any detail, and he does not specify any treatment that he required that was denied. (ECF No. 4 at PageID 17-18.) Ford has failed to allege sufficient facts to satisfy the objective prong of his Eighth Amendment claim, which requires a "sufficiently serious" medical need. *Blackmore*, 390 F.3d at 895.

Ford has also failed to allege facts showing that Dr. Kelner and Nurse Gardner had a "sufficiently culpable state of mind" and acted with "deliberate indifference" to Ford's medical needs. *See Farmer*, 511 U.S. at 834-35. Ford alleges that "instead of conducting a meaningful medical examination to . . . discover the cause of [Ford's] condition," Dr. Kelner "administered another dose of Halidol." (ECF No. 4 at PageID 17.) Ford does not allege what role Nurse Gardner had in his medical treatment. (*See id*.) Ford merely makes the legal conclusion that Dr. Kelner and Nurse Gardner "have engaged in . . . deliberate indifference." (*Id*. at PageID 18.) Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678-79.

Ford's claim of deliberate indifference to his medical needs against Dr. Kelner and Nurse Gardner in their individual capacities is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim to relief.

*2. Civil Conspiracy*

Ford alleges that Dr. Kelner and Nurse Gardner "have engaged in a civil conspiracy to deny [Ford] medical treatment and cover up medical errors in [Ford's] treatment." (ECF No. 4 at PageID 18.) Ford alleges that Commissioner Strada has "engag[ed] in a civil conspiracy" with Warden Watwood. (*Id*. at PageID 19.) Ford alleges that Commissioner Strada "has long been aware [that Warden] Watwood . . . has a custom of refusing to investigate allegations of mistreatment, abuse, and criminal activity" at the NWCX. (*Id*.)

"It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) (internal quotation marks and citation omitted.) Ford's allegations do not meet the requisite degree of specificity needed to sustain a civil conspiracy claim. Ford merely alleges in a conclusory fashion that Defendants "engaged in a civil conspiracy." (ECF No. 4 at PageID 18-19.) Ford does not make any specific allegations of a plan or agreement to violate his constitutional rights, which is required. *See Mettetal v. Vanderbilt Univ., Legal Dep't*, 147 F. App'x 577, 585 (6th Cir. 2005) (concluding that district court correctly dismissed certain conspiracy claims "for failure to allege that the parties entered into any kind of agreement or formed a single plan").

Ford's § 1983 civil conspiracy claim against the Individual Defendants in their individual capacities is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim to relief.

## III. AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)). The Court **GRANTS** leave

to amend the claims dismissed without prejudice within 21 days of the date of this Order, and under the guidelines set forth below.

An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Ford's claims. An amended complaint supersedes the original complaint and must be complete in itself without reference to the prior pleadings. Ford must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count. If Ford fails to comply with Rule 8 and the Court's instructions for pleading amended claims, the Court will dismiss improperly pled amended claims with prejudice.

If Ford fails to file an amended complaint within the time specified, the Court will dismiss the remaining claims with prejudice and enter judgment. The Court recommends that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

## IV. CONCLUSION

For the reasons explained above:

A. Ford's § 1983 claims against the State of Tennessee, the TDOC, the NWCX, and the Individual Defendants in their official capacities are **DISMISSED WITH PREJUDICE** for failure to allege facts stating a claim to relief. *See* §§ 1915(e)(2)(B)(ii)-(iii) & 1915A(b)(1)-(2). Leave to amend is **DENIED**.

B. Ford's § 1983 claims against John Doe Doctor, Jane Doe Doctor, and the Individual Defendants in their individual capacities are **DISMISSED WITHOUT PREJUDICE** for failure to allege facts stating a claim on which relief can be granted. *See* §§ 1915(e)(2)(B)(ii) & 1915A(b)(1). Leave to amend the claims dismissed without prejudice is **GRANTED**.

C. The Court **DECLINES** to exercise supplemental jurisdiction over any claims arising under state law. Ford's state law claim for medical malpractice is **DISMISSED WITHOUT PREJUDICE** pursuant to § 1367(c)(3).

D. Ford is **ORDERED** to notify the Court immediately, in writing, of his current address, if he is transferred or released. If Ford fails to provide the Court with his current address or fails to follow any other requirements of this order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

**IT IS SO ORDERED** this 20th day of October, 2026.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE